BELKNAP MACHINE ADDRESSING & MAILING CO. v. RACINE.

(Supreme Court, Appellate Term.    July 1, 1897.)

CONTRACT—PERFORMANCE—WAIVER.

A failure to comply with a contract to deliver a certain quantity of goods by a certain date is not waived by an acceptance of a part shortly after that date, when the defaulting party has been notified that only what was then on hand would be accepted, and it is shown that time was of the essence of the contract.

Appeal from Sixth district court.

Action by the Belknap Machine Addressing & Mailing Company against Jules Racine.    Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

J. H. Banton, for appellant.
Charles Meyers, for respondent.

BISCHOFF, J.    The action was brought for the breach of a contract by the terms of which the plaintiff had been engaged to address a quantity of envelopes, it being alleged that the defendant refused to accept the plaintiff's completion of the order after the greater part of the work had been performed, and that, while payment had been made for the actual services thus rendered, at the agreed rate, prospective profits upon the remainder of the order had been lost because of the defendant's breach.    The contract called for the completion of the work by December 5, 1895, and it is undisputed that the plaintiff did not complete by that time; but it is claimed that this default had been waived by the acceptance of the envelopes addressed afterwards, and also that the defendant's representative had treated the contract as subsisting for two months thereafter.    On the other hand, the defendant's witness Dreyfus, the party with whom the whole transaction was had by the plaintiff, testified that the default in performance upon the 5th of December was not waived, since he had told the plaintiff's agent, Chapman, that no more of the work would be accepted after that date, the envelopes being required for advertising purposes before the Christmas holidays, and the observance of the date stated for performance being essential.    He stated to Chapman, however, that he would receive the envelopes which were already addressed and on hand, but no more, and these envelopes were accepted a few days afterwards.    Further, he expressly denied that any conversations, such as testified to by Chapman touching a later recognition of the contract, had taken place.    This testimony was credited by the justice, and amply supported the judgment rendered in favor of the defendant, since it was made to appear that time was of

the essence of the contract, and that the plaintiff's default was not excused. The case simply invoked a conflict of evidence, as furnished by the testimony of the witnesses Chapman and Dreyfus, and there is not the slightest ground for our holding that the preponderance was with the plaintiff, in the face of the justice's conclusion to the contrary. While the defendant appears to have been a guarantor only of Dreyfus' contract with the plaintiff, as reduced to writing, and so not liable upon modifications of that agreement not assented to by him, our discussion of the point is not essential; since, assuming that his liability was that of principal in the transaction, the contract was shown by acceptable evidence to have been terminated upon the unexcused default of the plaintiff.

Judgment affirmed, with costs. All concur.